**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-1820**

———————

YONGQING LIN,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  January 13, 2010          Decided:  February 16, 2010

———————

Before MICHAEL, KING, and SHEDD, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Edward T. Giuliano, New York, New York, for Petitioner.  Tony West, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Robbin K. Blaya, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yongqing Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Lin first challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Lin fails to show that the evidence compels a contrary result. We therefore find that substantial evidence supports the denial of relief.

Additionally, we uphold the denial of Lin's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Lin failed to show

2

that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Lin failed to challenge the denial of his request for protection under the Convention Against Torture. He has therefore waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).